UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALFREDO ROCA-MORENO, III,

        Plaintiff,

v.                                          Case No. 5:18-cv-231-Oc-39PRL

FNU ROSSITER, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, Alfredo Roca-Moreno, III, an inmate of the Florida penal system, is proceeding on a second amended complaint under 42 U.S.C. § 1983 (Doc. 36; Compl.). Plaintiff sues six individuals for conduct that occurred on December 18, 2017, at Marion Correctional Institution (MCI). Plaintiff alleges Defendant-officers Crawford, Moore, and Burg "rushed" him and, after Plaintiff submitted to restraints, tackled him to the floor. See Compl. at 8-9. Plaintiff says the officers put a spit shield over his face because he was bleeding so much, but the spit shield was on the wrong way making it difficult for him to breathe and causing him to gag on his own blood. Id. at 10.

Plaintiff alleges Defendant-officers Gieger and Mohs then arrived with a camera, and Plaintiff was directed to walk outside the dorm. Plaintiff told Defendant-officers he could not breathe, but they ignored him, taunted him, threatened him, and punched

him. Id. at 10-11. Because of the spit shield, Plaintiff could not see which officers did or said what. Plaintiff alleges one officer (he does not know who) grabbed his head and slammed him to the ground while another officer (again, unknown) used his knee to push on Plaintiff's head, "crushing [Plaintiff's] skull." Id. at 11. Plaintiff asserts the pressure caused him to lose consciousness. Id. Defendant-officers then took Plaintiff to the nurse, who "reproach[ed]" the officers for the placement of the spit shield, telling them Plaintiff could have "suffocated . . . or drown." Id. Plaintiff alleges Defendant-officers filed false disciplinary reports to cover up their abuse. Id. at 12.

Plaintiff asserts claims under the Eighth Amendment and under state law. Id. at 7. He alleges Defendant-officers (Crawford, Moore, Burg, Geiger, and Mohs) are liable under the Eighth Amendment for the use of excessive force or for failing to intervene during a use of excessive force. Id. at 13-15. Plaintiff asserts the facts that support the Eighth Amendment claims also support liability under state law (assault and battery and intentional infliction of emotional distress). Id. Plaintiff also sues Warden Rossiter, who Plaintiff alleges "was on notice of [a] pattern of excessive unnecessary force . . . by these subordinates and did not act to curb the practice but encourages it" by approving fake disciplinary reports, denying grievances, and

failing to investigate incidents. Id. at 13. As relief, Plaintiff seeks compensatory and punitive damages. Id. at 13-15.

Before the Court is Defendants' motion to dismiss (Doc. 41; Motion). First, Defendants argue Plaintiff's second amended complaint does not comply with federal pleading requirements. See Motion at 6-7. Specifically, Defendants fault Plaintiff for failing to identify which officer made offensive statements or used force against him after the spit shield was placed on his head and for failing to specify which officers filed false disciplinary reports. Id. at 7. Defendants also contend Plaintiff's state-law claims are not well-pled. Id. Second, Defendants argue Plaintiff fails to state a claim against Warden Rossiter because "Plaintiff makes no allegation that Defendant Warden Rossiter personally participated in any wrongdoing, nor does Plaintiff allege any causal connection between Defendant Warden Rossiter's actions and any alleged constitutional violations." Id. at 9.

Plaintiff has responded to Defendants' motion (Doc. 50; Pl. Resp.). Plaintiff asserts he satisfied federal pleading standards and alleges facts to state a plausible § 1983 claim against Warden Rossiter. See Pl. Resp. at 2-3.

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be "simple, concise, and

3

direct." Fed. R. Civ. P. 8(d)(1). A complaint must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To state a claim, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Legal conclusions do not suffice. Id.

Plaintiff's second amended complaint satisfies these minimal pleading standards. Plaintiff's allegations are simple, concise, and direct, stated in numbered paragraphs, and consist of facts, not legal conclusions. Accepting Plaintiff's allegations as true, Plaintiff asserts a plausible Eighth Amendment violation against Defendants Crawford, Moore, and Burg for the use of excessive force inside the dorm, and against Defendants Crawford, Moore, Burg, Geiger, and Mohs for the use of excessive force or the failure to intervene during such a use of force outside the dorm.

Plaintiff fails to specify which Defendants are primarily responsible for the alleged conduct that occurred outside the dorm, but Plaintiff explains why: he was unable to see because the spit shield blocked his vision. See Compl. at 10-11. Requiring Plaintiff to redraft his complaint to cure this perceived deficiency would be futile. Plaintiff cannot conjure information he does not know.

Contrary to Defendants' assertion, drafting an answer would not be "impossible." See Motion at 7. Plaintiff alleges enough to put the Defendant-officers on notice of the claims against them.

4

Indeed, after setting forth his factual allegations, Plaintiff specifies the straightforward constitutional and state-law claims he asserts against each Defendant and references which factual allegations (by numbered paragraph) support his claims against each Defendant. Compl. at 13-15.[1] Specifically, Plaintiff alleges Defendants Crawford, Moore, Burg, Geiger, and Mohs either directly used force against him or failed to "prevent or stop the excessive use of force," and his factual allegations describe the conduct Plaintiff contends support his claims. Id. Plaintiff alleges enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the claims he asserts. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

As to the claim against Warden Rossiter, Plaintiff alleges enough to survive dismissal at this juncture. To state a claim under § 1983, a plaintiff must allege (1) the defendant deprived him of a constitutional right and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). A claim under § 1983 also requires "proof of an affirmative causal connection between the official's acts or

---

[1] Plaintiff does not state which Defendant fabricated disciplinary or incident reports. See Compl. at 12. Despite this minor lack of specificity, each Defendant certainly can admit or deny such an allegation in answering the complaint.

5

omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

An individual cannot be held liable under § 1983 solely because of that person's supervisory position. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). However, a supervisor may be held liable where there is a causal connection between the alleged constitutional violation and actions or inactions of the supervisor. In the absence of a supervisor's personal participation in the alleged conduct, a plaintiff may demonstrate the necessary causal connection by showing the supervisor knew about and failed to correct a widespread history of abuse, the supervisor's custom or policy resulted in a constitutional violation, or the supervisor directed a subordinate to act unlawfully or knew the subordinate would act unlawfully and failed to prevent the action. Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014).

Defendants incorrectly assert Plaintiff fails to "allege any causal connection between Defendant Warden Rossiter's actions and any alleged constitutional violation." Motion at 9. Plaintiff, in fact, directly alleges facts the Eleventh Circuit has recognized demonstrate the requisite causal connection for supervisory liability. Plaintiff alleges Warden Rossiter was aware of widespread abuse and condoned or did not correct the alleged

6

widespread abuse by failing to train officers or hold officers accountable, or by concealing wrongdoing. Plaintiff alleges as follows:

> This type of abuse is widespread persistent unchecked practice custom and policy of [MCI] that can be ascertained with the department's filed and records showing [a] history of inadequate training, inadequate investigation into these officers misusing force against inmates that supervisors have not acted on and covered up.
>
> The Warden was on notice of [a] pattern of excessive unnecessary forces in the past by these subordinates and did not act to curb the practice but encourages it by perfunctorily approving bogus disciplinary report[s] and close management recommendation[s], and deny[ing] inmates' grievances about these officers['] misconduct towards inmates failing to investigate or take action against subordinates with record[s] of misuse of force, thus maintaining and tolerating a code of silence of staffs' misconduct and abuse towards inmates.

Compl. at 12.

Plaintiff's allegations are more than "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions." See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). Accepted as true, Plaintiff's allegations demonstrate a causal connection between the alleged constitutional violations and Warden Rossiter's actions. Thus, Plaintiff alleges enough to proceed against Warden Rossiter.

7

Accordingly, it is now

**ORDERED:**

1. Defendants' motion to dismiss (Doc. 41) is **DENIED.**

2. Defendants must answer the second amended complaint (Doc. 36) within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c:  Alfredo Roca-Moreno, III
    Counsel of record