UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ALFREDO ROCA-MORENO, III,**

      Plaintiff,

v.                                                                                      Case No. 5:18-cv-231-Oc-39PRL

**FNU ROSSITER, et al.,**

      Defendants.

_____

## ORDER

Plaintiff moves the Court for an order compelling discovery (Doc. 60; Motion). Plaintiff disputes Defendants' responses to the following requests in his request for production: (1) records of complaints by inmates or staff against Defendants, including disciplinary actions and uses of force; (2) video footage of the incident; (3) the work shirt Defendant Mohs was wearing on the day of the incident; (4) reports by the Office of the Inspector General (IG); and (5) documents of any investigation into criminal charges against Plaintiff by the State Attorney's office. See Motion at 1-2. In response (Doc. 62; Def. Resp.), Defendants contend they have disclosed to Plaintiff video footage and all responsive documents in their possession except individual "incident reports and complaints or grievances written by any inmates against the Defendants." See Def. Resp. at 3.

Upon review, the Court finds Defendants have appropriately responded to Plaintiff's requests for video footage (all footage has been sent to Plaintiff for his review); Defendant Mohs's work shirt (Defendant no longer has it); reports by the IG's office (responsive documents have been disclosed); and records of criminal investigation by the State Attorney's Office (Defendants have no such documents in their possession). See id. at 4-5.

As to Plaintiff's request for records of disciplinary action, Defendants contend in their response that a privilege or exemption applies, evidence of prior "bad acts" is inadmissible, and the request is overly broad and unduly burdensome. See id. at 3. According to Defendants, Plaintiff's request for such documentation is overly broad (not limited to a particular time) and unduly burdensome because it would require prison officials to manually search the file of every inmate ever housed with Defendants. Id. at 3-4.

As to the objections Defendants assert in their response to Plaintiff's motion, they fail to explain with any specificity how a privilege or exemption applies. Moreover, admissibility is not the yardstick for discovery. Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery relevant to the party's claim or defense, regardless of whether the evidence would be admissible at trial. See Fed. R. Civ. P. 26(b)(1). Significantly, Defendants do not indicate in their response to Plaintiff's motion that they raised these objections when responding to the request for production. Rather, they responded to Plaintiff's request as follows:

> A copy of personnel records responsive to this request is being provided for review to your classification officer. … You will have an opportunity to review the documents and if desired, you may submit a request for copies, at which point a cost will be determined. Upon payment of those costs, the requested copies will be provided.

Id. at 2.

Because Defendants did not assert specific objections to Plaintiff's request, they have waived any such objections. See M.D. Fla. Civil Discovery Handbook § III.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel."). If Defendants asserted a general objection in their response to Plaintiff's request for production, such an objection is insufficient under the Rules of Civil

Procedure and as explained in the Middle District Civil Discovery Handbook. See Fed. R. Civ. P. 34(b)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); M.D. Fla. Civil Discovery Handbook § III.A.6 ("Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b).").

Additionally, as Defendants acknowledge in their response to Plaintiff's motion, their discovery response to Plaintiff was incomplete because their personnel records either did not include complaints or disciplinary records against them, or such documentation was withheld. See Def. Resp. at 3. Under the rules governing discovery, an incomplete disclosure constitutes a failure to disclose. See Fed. R. Civ. P. 37(a)(4).

Plaintiff's request for prior disciplinary actions against Defendants is relevant given his claims. He alleges Defendants used excessive force against him or failed to intervene during a use of force. It is conceivable that, if disciplinary files exist documenting instances of excessive force or a failure to intervene against Defendants, they may be relevant to Plaintiff's claims. However, the Court finds Plaintiff's request, as stated, is overbroad in that he requests documents of all "complaints" by inmates and staff against Defendants with no time-range specified. Accordingly, the Court limits the scope of the request such that Defendants must produce all disciplinary reports against them documenting excessive-use-of-force or failure-to-intervene incidents for the five-year period preceding the date of the incident that is the subject of Plaintiff's claims.[1]

---

[1] If any responsive documents contain private or privileged information, Defendants may redact the documents only to the extent necessary to protect any such information.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Compel (Doc. 60) is **GRANTED in part** and **DENIED in part**. The motion is **granted** to the extent the Court directs Defendants to produce all disciplinary reports against them documenting excessive-use-of-force or failure-to-intervene incidents for the five-year period preceding the date of the incident that is the subject of Plaintiff's claims. In all other respects, the motion is **denied**.

2. Defendants must produce any responsive documents to Plaintiff's request, as stated in paragraph 1 of this Order, by **December 8, 2020**.

**DONE AND ORDERED** at Ocala, Florida, this 6th day of November 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

c:  Pro se Plaintiff
    Counsel of Record